IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PECOS GRILLING COMPANY, LLC,** § | | Civil Action No. _____ |
| Plaintiff, § | | |
| § | | |
| vs. § | | JURY TRIAL |
| § | | |
| **STATE AUTOMOBILE MUTUAL** § | | |
| **INSURANCE COMPANY AND** § | | |
| **ASHLEY MANNING,** § | | |
| Defendants. § | | |

**DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY'S
NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §1441, Defendant State Automobile Mutual Insurance Company ("State Auto") files its Notice of Removal because this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332.

**I. Procedural Background**

1. Plaintiff, Pecos Grilling Company, LLC ("Pecos Grilling"), filed the lawsuit numbered 2019-66342 and styled *Pecos Grilling Company, LLC, Plaintiff, v. State Automobile Mutual Insurance Company and Ashley Manning, Defendants*, in the 269th Judicial District Court of Harris County, Texas (the "State Court Proceeding").

2. State Auto files this Notice of Removal pursuant to 28 U.S.C. §1446 to remove the State Court Proceeding from the 269th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

3. Pecos Grilling initiated the State Court Proceeding by filing its Original Petition on September 12, 2019, complaining of State Auto and Ashley Manning ("Manning").

4. Pecos Grilling served State Auto via personal service on its registered agent, Corporation Service Company, on September 17, 2019. Pursuant to 28 U.S.C. § 1445(b), State Auto files this notice of Removal within thirty days of receiving service of the summons and a copy of the initial pleading setting forth Pecos Grilling's claim for relief.

5. As of the date of the filing of this Notice, no return of service has been filed indicating any service on Manning, and it does not appear that citation has been issued for service on Manning. Because Manning has not been served, Manning's consent to removal is not necessary. *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994), *overruled on other grounds, Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999).

6. This lawsuit involves an insurance claim for alleged damages resulting from Hurricane Harvey. Pecos Grilling asserts that State Auto breached the insurance policy at issue, committed violations of the Texas Insurance Code, and engaged in bad faith in connection with its handling of the claim. State Auto denies that Pecos Grilling is entitled to any policy benefits and it denies any contractual or extra-contractual liability.

## II. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES

7. Complete diversity of citizenship exists between the parties.

8. Pecos Grilling is a limited liability company organized under the laws of the State of Texas. The citizenship of a limited liability company is determined by the citizenship of each member of the entity. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir.

2008). Upon information and belief, all members of Pecos Grilling are citizens of Texas. Thus, Pecos Grilling is a citizen of Texas for purpose of this Court's diversity jurisdiction.

9. State Auto is an Ohio corporation, with its principal place of business in Ohio. Thus, State Auto is a citizen of Ohio for diversity purposes, and complete diversity exists between Pecos Grilling and State Auto.

10. Manning is domiciled in the State of Indiana. Thus, Manning is a citizen of Indiana for diversity purposes, and complete diversity of citizenship exists between the parties.

11. Removal is proper because there is and was complete diversity of citizenship between the parties both when Pecos Grilling filed the State Court Proceeding and when State Auto filed this Notice of Removal.

### III. AMOUNT IN CONTROVERSY EXCEEDS $75,000

12. Pecos Grilling states in paragraph 6 of its petition that "the damages in this matter are more than $100,000.00 but not more than $200,000.00, excluding interest and costs." Thus, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the "amount in controversy" component of diversity jurisdiction is met. 28 U.S.C. § 1446(c)(2).

### IV. VENUE

13. Venue is proper in the Houston Division of the Southern District of Texas under 28 U.S.C. §1441(a) because this district and division embrace the place the State Court Proceeding was pending before removal.

## V. MATTERS FILED

14. In accordance with 28 U.S.C. §1441(a), copies of all process, pleadings, and orders served upon State Auto in the State Court Proceeding are attached to this Notice of Removal. *See* Index of Matters Filed.

15. Pursuant to 28 U.S.C. §1446(d), State Auto will promptly give written notice of the filing of this Notice of Removal to all parties and to the clerk of the 269th Judicial District Court of Harris County, Texas.

## VI. PRAYER

State Auto respectfully requests that the State Court Proceeding be removed and placed on the Court's docket for further proceedings. State Auto further requests any additional relief to which it may be justly entitled.

Respectfully submitted,

**LANZA LAW FIRM, P.C.**

_____
**NICHOLAS J. LANZA**
TBA No. 11941225

4950 Bissonnet Street
Houston, Texas 77401
713.432.9090 (Telephone)
713.668.6417 (Facsimile)
Eservice: eservice@lanzalawfirm.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT
STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY**

**OF COUNSEL:**

**TERESA A. CARVER**
TBA No. 00783825
LANZA LAW FIRM, P.C.
4950 Bissonnet Street
Houston, Texas 77401
713.432.9090 (Telephone)
713.668.6417 (Facsimile)
Email: tcarver@lanzalawfirm.com

**ATTORNEYS FOR DEFENDANT
STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served as described below on the 17th day of October, 2019:

| | |
|---|---|
| Ryan K. Haun<br>D. Douglas Mena<br>HAUN MENA, PLLC<br>3006 Brazos Street<br>Houston, Texas 77006 | *via certified mail, rrr* |

_____
**NICHOLAS J. LANZA**